Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21031 Ventura Blvd., Suite 340
Woodland Hills, CA 91364
Phone: 323-306-4234
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRED HEIDARPOUR, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ISAAC LAVANT, DDS, PLLC d/b/a ITALIAN SMILES FAMILY AND COSMETIC DENTISTRY; and DOES 1 through 10, inclusive,<br><br>Defendant. | Case No.<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR VIOLATIONS OF:**<br><br>1. NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227(b)]<br>2. WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227(b)]<br>3. NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227(c)]<br>4. WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227(c)]<br><br>**DEMAND FOR JURY TRIAL** |

///
///
///

CLASS ACTION COMPLAINT

- 1 -

Plaintiff FRED HEIDARPOUR ("Plaintiff"), individually and on behalf of all others similarly situated, alleges the following upon information and belief based upon personal knowledge:

## NATURE OF THE CASE

1. Plaintiff brings this action individually and on behalf of all others similarly situated seeking damages and any other available legal or equitable remedies resulting from the illegal actions of ISAAC LAVANT, DDS, PLLC d/b/a ITALIAN SMILES FAMILY AND COSMETIC DENTISTRY ("Defendant"), in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA") and related regulations, specifically the National Do-Not-Call provisions, thereby invading Plaintiff's privacy.

## JURISDICTION & VENUE

2. Jurisdiction is proper under 28 U.S.C. § 1331 because Plaintiff's claims arise out of a question of federal law, the TCPA.

3. Venue is proper in the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1391(b)(2) because Defendant does business within the State of California and Plaintiff resides within the County of Contra Costa.

## PARTIES

4. Plaintiff, FRED HEIDARPOUR ("Plaintiff"), is a natural person residing in Contra Costa County, California and is a "person" as defined by 47 U.S.C. § 153(39).

5. Defendant, ISAAC LAVANT, DDS, PLLC d/b/a ITALIAN SMILES FAMILY AND COSMETIC DENTISTRY ("Defendant"), is a professional limited liability company engaged in the dental services industry, and is a "person" as defined by 47 U.S.C. § 153(39).

6. The above named Defendant, and its subsidiaries and agents, are

collectively referred to as "Defendants." The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

7. Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## FACTUAL ALLEGATIONS

8. During or about 2017, Plaintiff visited Defendant's business.

9. On September 7, 2017, Defendant sent Plaintiff a text message on his cellular telephone number ending in -6147.

10. Defendant's text message read as follows:

> "We value your feedback at Italian Smiles. Please click the link and tell us about your experience. https://goo.gl/Uu6ujr Reply STOP to opt out."

11. Shortly after receiving the message, Plaintiff replied "Stop".

12. Plaintiff received an automatic response stating that he had been successfully unsubscribed and would not receive any further messages.

13. As soon as Plaintiff replied "Stop" any prior express consent Defendant had to send Plaintiff such messages, to the extent it ever existed, was

revoked.

14. Despite Plaintiff clearly expressing his request that Defendant stop messaging him, and Defendant acknowledging Plaintiff's request, Defendant resumed sending Plaintiff solicitation text messages on May 17, 2021.

15. Plaintiff again responded "Stop" and received the same automatic response stating that Plaintiff would not receive any further text messages.

16. Defendant ignored Plaintiff's request again, sending him text messages on October 11, 2021, February 2, 2022, and November 28, 2022.

17. Each time Defendant sent another message, Plaintiff responded "Stop" and received an automatic message falsely stating that he had been "successfully unsubscribed."

18. Furthermore, Plaintiff's cellular telephone number ending in -6147 had been on the National Do-Not-Call Registry well over thirty (30) days prior to Defendant's initial message.

19. Such messages constitute solicitation calls pursuant to 47 C.F.R. § 64.1200(c)(2) as they were attempts to promote or sell Defendant's services.

20. Plaintiff received numerous solicitation calls from Defendant within a 12-month period.

21. Plaintiff requested that Defendant stop messaging him in response to Defendant's initial message, thus revoking any prior express consent that had existed and terminating any established business relationship that had existed, as defined under 16 C.F.R. § 310.4(b)(1)(iii)(B).

22. Despite this, Defendant continued to send messages to Plaintiff in an attempt to solicit its services and in violation of the National Do-Not-Call provisions of the TCPA.

23. Upon information and belief, and based on Plaintiff's experiences of being messaged by Defendant after being registered on the National Do-Not-Call Registry and requesting that Defendant stop contacting him, and at all relevant

times, Defendant failed to establish and implement reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under 47 U.S.C. § 227(c)(5).

24. Upon information and belief, Defendant does not maintain a written policy, available upon demand, for maintaining a do-not-call list, as required by 47 C.F.R. § 64.1200(d)(1).

25. Upon information and belief, Defendant does not train its employees or agents who are engaged in telemarketing on the existence and use of any do-not-call list, as required by 47 C.F.R. § 64.1200(d)(2).

26. Upon information and belief, Defendant failed to place Plaintiff's cellular telephone number ending in -6147 on the do-not-call list, despite his multiple requests to no longer receive messages, in violation of 47 C.F.R. § 64.1200(d)(3).

## CLASS ALLEGATIONS

27. Plaintiff brings this action individually and on behalf of all others similarly situated, as a member the two proposed classes (hereafter, jointly, "The Classes"). The class concerning the National Do-Not-Call violation (hereafter "The DNC Class") is defined as follows:

> All persons within the United States registered on the National Do-Not-Call Registry for at least 30 days, who had not granted Defendant prior express consent nor had a prior established business relationship, who received more than one call made by or on behalf of Defendant that promoted Defendant's products or services, within any twelve-month period, within four years prior to the filing of the complaint through the date of class certification.

28. The class concerning the National Do-Not-Call violation following revocation of consent and prior business relationship, to the extent they existed (hereafter "The DNC Revocation Class") is defined as follows:

> All persons within the United States registered on the National Do-Not-Call Registry for at least 30 days, who received more than one call made by or on behalf of Defendant that promoted Defendant's products or services, after having revoked consent and any prior established business relationship, within any twelve-month period, within four years prior to the filing of the complaint through the date of class certification.

29. Plaintiff represents, and is a member of, The DNC Class, consisting of all persons within the United States registered on the National Do-Not-Call Registry for at least 30 days, who had not granted Defendant prior express consent nor had a prior established business relationship, who received more than one call made by or on behalf of Defendant that promoted Defendant's products or services, within any twelve-month period, within four years prior to the filing of the complaint.

30. Plaintiff represents, and is a member of, The DNC Revocation Class, consisting of all persons within the United States registered on the National Do-Not-Call Registry for at least 30 days, who received more than one call made by or on behalf of Defendant that promoted Defendant's products or services, after having revoked consent and any prior established business relationship, within any twelve-month period, within four years prior to the filing of the complaint.

31. Defendant, their employees and agents are excluded from The Classes. Plaintiff does not know the number of members in The Classes, but believes the Classes members number in the thousands, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

32. The Classes are so numerous that the individual joinder of all of its members is impractical. While the exact number and identities of The Classes members are unknown to Plaintiff at this time and can only be ascertained through

appropriate discovery, Plaintiff is informed and believes and thereon alleges that The Classes include thousands of members. Plaintiff alleges that The Classes members may be ascertained by the records maintained by Defendant.

33. Plaintiff and members of The DNC Class and DNC Revocation Class were harmed by the acts of Defendant in at least the following ways: Defendant illegally contacted Plaintiff and DNC Class and DNC Revocation Class members via their telephones for solicitation purposes, thereby invading the privacy of said Plaintiff and the DNC Class and DNC Revocation Class members whose telephone numbers were on the National Do-Not-Call Registry. Plaintiff and the DNC Class and DNC Revocation Class members were damaged thereby.

34. Common questions of fact and law exist as to all members of The DNC Class which predominate over any questions affecting only individual members of The DNC Class. These common legal and factual questions, which do not vary between DNC Class members, and which may be determined without reference to the individual circumstances of any DNC Class members, include, but are not limited to, the following:

    a. Whether, within the four years prior to the filing of this Complaint through the date of class certification, Defendant or its agents placed more than one solicitation call to the members of the DNC Class whose telephone numbers were on the National Do-Not-Call Registry and who had not granted prior express consent to Defendant and did not have an established business relationship with Defendant;

    b. Whether Plaintiff and the DNC Class members were damaged thereby, and the extent of damages for such violation; and

    c. Whether Defendant and their agents should be enjoined from engaging in such conduct in the future.

35. As a person that received numerous solicitation calls from Defendant within a 12-month period, who had not granted Defendant prior express consent and did not have an established business relationship with Defendant, Plaintiff is asserting claims that are typical of the DNC Class.

36. Common questions of fact and law exist as to all members of The DNC Revocation Class which predominate over any questions affecting only individual members of The DNC Revocation Class. These common legal and factual questions, which do not vary between DNC Revocation Class members, and which may be determined without reference to the individual circumstances of any DNC Revocation Class members, include, but are not limited to, the following:

   a. Whether, within the four years prior to the filing of this Complaint through the date of class certification, Defendant or its agents placed more than one solicitation call to the members of the DNC Revocation Class whose telephone numbers were on the National Do-Not-Call Registry and who had revoked any prior express consent and any established business relationship with Defendant;

   b. Whether Plaintiff and the DNC Revocation Class members were damaged thereby, and the extent of damages for such violation; and

   c. Whether Defendant and their agents should be enjoined from engaging in such conduct in the future.

37. As a person that received numerous solicitation calls from Defendant within a 12-month period, who, to the extent one existed, had revoked any prior express consent and any established business relationship with Defendant, Plaintiff is asserting claims that are typical of the DNC Revocation Class.

38. Plaintiff will fairly and adequately protect the interests of the members of The Classes. Plaintiff has retained attorneys experienced in the prosecution of

class actions.

39. A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Classes members is impracticable. Even if every Classes member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Classes member.

40. The prosecution of separate actions by individual Classes members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Classes members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

41. Defendant have acted or refused to act in respects generally applicable to The Classes, thereby making appropriate final and injunctive relief with regard to the members of the Classes as a whole.

## FIRST CAUSE OF ACTION

**Negligent Violations of the Telephone Consumer Protection Act**

**47 U.S.C. § 227(c)**

**On Behalf of the DNC Class and the DNC Revocation Class**

42. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-41.

43. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each

1  and every one of the above cited provisions of 47 U.S.C. § 227(c), and in particular
2  47 U.S.C. § 227 (c)(5).

3  44.  As a result of Defendant's negligent violations of 47 U.S.C. § 227(c), Plaintiff and the DNC Class and DNC Revocation Class Members are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5)(B).

45.  Plaintiff and the DNC Class and DNC Revocation Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION

**Knowing/Willful Violations of the Telephone Consumer Protection Act**

**47 U.S.C. § 227(c)**

**On Behalf of the DNC Class and DNC Revocation Class**

46.  Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-41.

47.  The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227(c), in particular 47 U.S.C. § 227 (c)(5).

48.  As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(c), Plaintiff and the DNC Class and DNC Revocation Class members are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

49.  Plaintiff and the DNC Class and DNC Revocation Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

///
///
///
///

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendant for the following:

## FIRST CAUSE OF ACTION

### Negligent Violations of the Telephone Consumer Protection Act
### 47 U.S.C. § 227(c)

- As a result of Defendant's negligent violations of 47 U.S.C. § 227(c)(5), Plaintiff and the DNC Class and DNC Revocation Class members are entitled to and request $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. 227(c)(5).
- Injunctive relief prohibiting such conduct in the future.
- Any and all other relief that the Court deems just and proper.

## SECOND CAUSE OF ACTION

### Knowing/Willful Violations of the Telephone Consumer Protection Act
### 47 U.S.C. § 227(c)

- As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(c)(5), Plaintiff and the DNC Class and DNC Revocation Class members are entitled to and request treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).
- Injunctive relief prohibiting such conduct in the future.
- Any and all other relief that the Court deems just and proper.

///
///
///
///
///
///
///

# JURY DEMAND

50. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted this 4th Day of August, 2023.

        LAW OFFICES OF TODD M. FRIEDMAN, P.C.

        By:  /s/ Todd M. Friedman
                Todd M. Friedman
                Law Offices of Todd M. Friedman
                Attorney for Plaintiff